IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BROWNLOW J. CRAWFORD,

    Plaintiff,

v.

MILLER MOTORS OF ALBERTVILLE,
INC., et al.,

    Defendants.

CIVIL ACTION NO.

02-AR-2778-M

FILED 03 JUN 25 PM 1:41 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUN 2 5 2003

## MEMORANDUM OPINION

The court has before it the motion of defendants, Manheim Remarketing Limited Partnership, a Florida limited partnership, doing business as Florida Auto Auction of Orlando ("FAAO"), Charlie White ("White"), Jack Pfeifer ("Pfeifer"), and Russell "Russ" Brown ("Brown"), to dismiss the above-entitled action pursuant to Fed. R. Civ. P., Rule 8(a)(2) and 12(b)(2). The motion was orally argued at this court's regular motion docket on June 20, 2003.

### Facts

Plaintiff, Brownlow J. Crawford ("Crawford"), in his first amended complaint alleged that defendants, FAAO, White, Pfeifer, and Brown (collectively the "Florida defendants"), trespassed on the business premises of Miller Motors[1], located at 751 Roper Parkway, Ocoee, Florida, and wrongfully and illegally seized and

---

[1] Miller Motors of Albertville, Inc. ("Miller Motors") is a Delaware corporation with its principle place of business in Alabama, located at 4551 Highway 431, Albertville, Marshall County, Alabama, 35950.



converted to their own use certain automobiles in which Crawford held a security interest.

Defendant, Billy Frank Miller ("Billy Miller"), an Alabama resident, executed a Funding/Security Agreement ("security agreement"), wherein Crawford, a Florida resident, agreed to provide up to Three Hundred-Fifty Thousand dollars and no/100 ($350,000) to Billy Miller for the purchase of automobiles for resale. Crawford perfected a security interest in all the automobiles purchased with funds obtained pursuant to the security agreement.

On or about September 26, 2002, defendant, Billy Miller, advised Crawford, through his agent, that the automobiles had been seized from Miller Motors' business premises in **Florida** for a proposed sale by FAAO at auction. FAAO maintains a global website and publishes a national circular containing general descriptions of motor vehicles to be offered for sale at its auctions. All events leading up to the seizure of the automobiles and the alleged harm caused to Crawford, a Florida resident, occurred in the state of **Florida**. The only connection between the Florida defendants and **Alabama,** other than the website and circular, is the fact that the security interest was perfected in Alabama. The mere existence of a security interest in property located in **Florida** that secures the performance of a contract between Crawford, a Florida resident, and Billy Miller, an Alabama resident, is not the "doing of business" by these **defendants** in Alabama.

## Conclusion

It would take "long arm" jurisdiction into a new dimension if the court found the existence of minimal contacts by these defendants with the State of Alabama upon which to premise *in personam* jurisdiction and the obligation to defend in Alabama. The proper forum is Florida where these defendants reside and where events occurred. By separate order the action will be dismissed without prejudice as against the Florida defendants.

DONE this 25th day of June, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE